UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 13-CR231

RONALD A. DOBEK,
a.k.a. ALEXANDER M. ROVEGNO,

    Defendant.

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. Beginning in or around July 2007, and continuing until in or around January 2009, in the State and Eastern District of Wisconsin and elsewhere,

**RONALD A. DOBEK,
a.k.a. ALEXANDER M. ROVEGNO,**

defendant herein, knowingly conspired and agreed with others known and unknown to the Grand Jury to commit an offense against the United States, namely, to willfully export F-16 canopy seals, which were designated as defense articles on the United States Munitions List, from the United States to Venezuela without having first obtained from the Department of State a license for such export or written authorization for such export in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

### The Arms Export Control Act

2. In furtherance of the national security and foreign policy interests of the United States, the United States regulates and restricts the export of arms, munitions, implements of war, and other

defense articles and services, pursuant to the Arms Export Control Act (AECA), Title 22, United States Code, Section 2778 *et seq.*

3. The regulations which implement and govern such exports are entitled the International Traffic in Arms Regulations (ITAR), Title 22, Code of Federal Regulations, Sections 120-130.

4. The ITAR promulgates a list of categories of defense articles and defense services which are subject to control by these regulations. This list is called the United States Munitions List, and is found at Title 22, Code of Federal Regulations, Section 121.1.

5. No defense articles, defense services, or technical data related thereto, may be exported from the United States to a foreign country without first obtaining a validated license or written approval from the United States Department of State, Directorate of Defense Trade Controls. The definition of export includes the disclosure or transfer of technical data to a foreign person, whether in the United States or abroad, or the performance of a defense service on behalf of, or for the benefit of, a foreign person, whether in the United States or abroad. Title 22, Code of Federal Regulations, Sections 120.17(4) and (5).

6. Inflatable Canopy Seals (NSN: 5330-01-046-5719) and Inflatable Seals (NSN: 5330-01-051-3549) ("Canopy Seals") are specifically controlled for export in the United States Munitions List, Title 22, Code of Federal Regulations, Section 121.1, Category VIII(h) pertaining to Aircraft and Associated Equipment.

## Manner and Means

7. It was part of the conspiracy that RONALD A. DOBEK agreed to obtain and did obtain F-16 canopy seals for further distribution to Venezuela.

8. It was further part of the conspiracy that RONALD A. DOBEK obtained packaging

2

materials for the purpose of shipping the F-16 canopy seals to Venezuela.

9. It was further part of the conspiracy that RONALD A. DOBEK shipped the F-16 canopy seals to an individual in Venezuela using Federal Express.

10. It was further part of the conspiracy that RONALD A. DOBEK concealed and hid, and caused to be concealed and hidden, the existence of acts done in furtherance of the conspiracy.

**Overt Acts in Furtherance of the Conspiracy**

11. In furtherance of the conspiracy and to effect its unlawful objective, defendant committed and caused to be committed the following overt acts, among others:

   a. On or about December 20, 2007, RONALD A. DOBEK transferred $5,600 to New Resources Aviation, LLC's ("New Resources") bank account as payment for seven F-16 canopy seals.

   b. On or about December 21, 2007, RONALD A. DOBEK caused New Resources to obtain six F-16 canopy seals from Falcon Aerospace.

   c. On or about December 27, 2007, RONALD A. DOBEK caused New Resources to ship seven F-16 canopy seals to DOBEK at a residence on Kitty Street in Wichita Falls, Texas (the "Kitty Street Residence"). The invoice listed DOBEK's business, XM Engineering, as the recipient of the shipment.

   d. On or about December 29, 2007, RONALD A. DOBEK sent the seven F-16 canopy seals from Wichita Falls, Texas, to Venezuela using Federal Express.

   e. To conceal the actual contents of the shipment, RONALD A. DOBEK used a box that originally contained molding/trim from Home Depot to ship the canopy seals. DOBEK also identified the shipper as "XM Engineering" located at a business on Kemp Blvd. in Wichita Falls, Texas.

f.  On or about October 24, 2008, RONALD A. DOBEK requested a quote for three F-16 canopy seals from New Resources.

g.  On or about November 5, 2008, RONALD A. DOBEK caused New Resources to obtain two F-16 canopy seals from ILN Technologies, Inc.

h.  On or about November 11, 2008, RONALD A. DOBEK caused New Resources to obtain one F-16 canopy seal from Merex, Inc.

i.  On or about December 4, 2008, RONALD A. DOBEK signed an "End Use/End User Certification" on behalf of XM Engineering. By signing the certification, DOBEK verified that he would abide by all ITAR requirements.

j.  On or about December 4, 2008, RONALD A. DOBEK transferred $10,500 to New Resources' bank account as payment for seven F-16 canopy seals.

k.  On or about December 4, 2008, RONALD A. DOBEK caused New Resources to ship three F-16 canopy seals to his residence located on 2nd Street in Milwaukee, Wisconsin.

l.  On or about December 6, 2008, RONALD A. DOBEK sent the three F-16 canopy seals from Milwaukee, Wisconsin, to Venezuela using Federal Express.

m.  To conceal the actual contents of the shipment, RONALD A. DOBEK used a box that originally contained molding/trim from Home Depot to ship the canopy seals. DOBEK also identified the shipper as "XMAC Industrial Supply LLC" located at the Kitty Street Residence.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about the December 29, 2007, in the State and Eastern District of Wisconsin and elsewhere,

**RONALD A. DOBEK,
a.k.a. ALEXANDER M. ROVEGNO,**

knowingly and willfully attempted to export, exported, and caused to be exported from the United States to Venezuela defense articles, that is F-16 canopy seals, which were designated as defense articles on the United States Munitions List, without having first obtained from the Department of State a license for such export or written authorization for such export.

All in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about the December 6, 2008, in the State and Eastern District of Wisconsin and elsewhere,

**RONALD A. DOBEK,
a.k.a. ALEXANDER M. ROVEGNO,**

knowingly and willfully attempted to export, exported, and caused to be exported from the United States to Venezuela defense articles, that is F-16 canopy seals, which were designated as defense articles on the United States Munitions List, without having first obtained from the Department of State a license for such export or written authorization for such export.

All in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

A TRUE BILL:

FOREPERSON

Date: 26 NOV 2013

JAMES L. SANTELLE
United States Attorney