**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

       Plaintiff,

  -vs-                                **Case No. 13-Cr-231**
                                        (Civil Case No. 16-C-369)

**RONALD A. DOBEK,**

       Defendant.

---

## DECISION AND ORDER

---

Pro se Defendant Ronald A. Dobek seeks an order compelling disclosure of grand jury materials for use in preparing a motion for relief pursuant to 28 U.S.C. § 2255. He intends to challenge his conviction for exporting munitions illegally in violation of 22 U.S.C. §§ 2778(b)(2) and (c) and 22 C.F.R. §§ 121.1, 123.1, and 127.1, and for conspiring to do this in violation of 18 U.S.C. § 371. (ECF No. 88.) He requests the following:

> (a) the grand jury dates, U.S. Attorneys, and participating law enforcement agents and employees or informants that contributed — directly or indirectly — to the grand jury proceedings related to 12-CR-253 and 13-CR-231[1];
>
> (b) a listing of all charges, statutes, and Codes of Federal Regulations ("CFRs") charged and mentioned as part of the 12-CR-253 and 13-CR-231 indictments—this request includes the detailing or testimony provided by the government to the grand jury proceeding that accounts for the charged offense

---

[1] Dobek states that his request does not require disclosure of names, and he suggests the use of abbreviations such "GJ1" for Grand Juror 1, John Doe, or similar labels. (*See* Mot. 10, ¶ h.)

conduct and the elemental requirements sought as part of their burden of proof;

(c) any detailed descriptions or citations of law used by the government at the grand jury proceeding to establish a standard for the grand jury to gain understanding of the offense conduct alleged within the indictment process of 12-CR-253 and 13-CR-231, this includes any government claims, testimony, "tra[n]scriptual" data recited, and proffers used before the proceeding;

(d) the complete testimony, transcripts, and proffers provided during the grand jury proceedings related to 12-CR-253 and 13-CR-231;

(e) the direct and indirect, factual or circumstantial, tangible or intangible evidentiary materials presented as part of the grand jury proceedings related to indictments 12-CR-253 and 13-CR-231;

(f) all expert or outside material not covered by paragraphs a through e, this includes any proffers made by other government entities, civilian corporations or companies, inside/outside experts, or individuals related to the indictment process, but not federally indicted on the matters surround[ing] indictments 12-CR-253 and 13-CR-231; and

(g) the comments, statements, questions, replies or any other communications that were recorded by any media at the grand jury proceedings related to 12-CR-253 and 13-CR-231.

(*See* Mot. at 10.) Dobek states that he intends to file a § 2255 motion on grounds related to violations of 18 U.S.C. § 3288[2] and due process

---

[2] Section 3288 provides:

Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the

violations that occurred before the grand jury relating to his re-indictment in 13-Cr-321 after the dismissal of 12-Cr-253 against him. In his reply, Dobek states that he will raise statute of limitations arguments, Fifth Amendment double jeopardy claims, Fifth Amendment collateral estoppel and res judicata claims, and Fourteenth Amendment due process claims. (ECF No. 102.)

Plaintiff United States asserts that the motion should be denied because the issues Dobek intends to raise have been litigated and resolved in the Government's favor, were not raised on direct appeal, have been procedurally defaulted, and cannot be raised in a collateral attack. The Government also states that even if Dobek raised the issues on appeal, he cannot obtain most of the material absent a showing of particularized need or compelling necessity. It also states that neither proffers nor lists of employees who contributed directly or indirectly to the grand jury

---

> appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

proceedings are grand jury material, and that communications recorded by the media do not exist.

Dobek makes this motion in an effort to uncover grand jury materials that may assist him in overturning his conviction. Dobek's motion is not a continuation of his criminal case; rather, it is a separate civil proceeding. *See United States v. Antonelli,* 371 F.3d 360, 361 (7th Cir. 2004) (citing *United States v. Campbell*, 294 F.3d 824, 826-27 (7th Cir. 2002) (per curiam) "(recognizing that motion seeking access to grand jury transcripts was civil action even though filed under old criminal case number because motion had independent jurisdictional basis)"). Because Dobek is a prisoner and his motion for grand jury materials is a civil action, the action is subject to the restrictions that Congress has imposed with respect to civil actions. *See Campbell*, 294 F.3d at 826-27.

Consistent with the foregoing, Dobek's motion in the criminal case (ECF No 88) is **TERMINATED** because it is a civil action. The Court **DIRECTS** the Clerk of Court to open a separate civil action with this Order and ECF Nos. 88 through 102 which have been filed in the criminal action.

The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the

- 4 -

$50.00 administrative fee does not apply to persons granted *in forma pauperis* (IFP) status. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding IFP is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, the Court must assess an initial partial filing fee of 20 percent of either the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of 20 percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

To proceed further with the civil action, Dobek must pay the $400 fee by a check payable to the "Clerk of Court." If Dobek cannot afford the fee, he may ask the Court for permission to file his motion without prepaying the full fee using the enclosed form "Prisoner Request to Proceed in District Court without Prepaying the Full Filing Fee." Dobek

must also submit a certified copy of his prison trust account statement showing transactions for the six-month period immediately preceding the filing of the motion and showing the current balance of his account. Dobek should request this statement from the prison where he is housed.

**By April 25, 2016,** Dobek must pay the $400 filing fee or, if he cannot afford the fee, file a completed "Prisoner Request to Proceed in District Court without Prepaying the Full Filing Fee" form and a certified copy of his prison trust account statement. Alternatively, by the above date, Dobek may inform the Court that he does not want to proceed with the civil action to obtain grand jury materials.

**SO ORDERED** at Milwaukee, Wisconsin, this 24th day of March, 2016.

                                   **BY THE COURT:**

                                   */s/ Rudolph T. Randa*
                                   **HON. RUDOLPH T. RANDA**
                                   **U.S. District Judge**